N. C. GRAY *v.* WM. SCOTT ET AL.

**Principal and Surety—Answer by Sureties.**

In an action against sureties on a note, it was held that the sureties in their answer should have alleged payment of the note, or that

because of the information communicated to them they failed to institute proceedings by which they could have indemnified themselves, or that they were in some way injured.

APPEAL FROM LYON CIRCUIT COURT.

January 6, 1874.

OPINION BY JUDGE PETERS:

This record presents but two questions for consideration. 1st, does the 2nd paragraph of the answer to which appellant's demurrer was overruled present a good defense to the action. And 2nd, did the court below err in the instructions given to the jury at the instance of appellees.

It is not alleged in the answer that Dunn, the principal obligor in the note sued on, had paid or discharged the same; but it is simply stated in the answer that appellant had told appellee, Scott, that the debt had been paid, which merely presented an issue of whether Scott had been so informed by apellant, which was immaterial, unless it had been further averred in the answer that, by reason of the statement made by appellant to Scott, the debt had been paid. The sureties in the note had been lulled into security and prevented from taking legal proceedings against their principal, which they otherwise would have done, whereby they would have been indemnified.

Either a direct allegation of payment or one to the effect that by the information communicated by appellant to Scott, the sureties failed to institute proceedings by which they could and would have indemnified themselves, or that they were in some way injured, was necessary to constitute a defense to the action. As the answer does not contain the necessary statement of facts, appellant's demurrer to it was improperly overruled. This view of the case renders it needless to further notice the instructions. Wherefore the judgment is reversed and the cause is remanded with directions to set aside the verdict and award a new trial and for further proceedings consistent herewith.

*J. R. Hewlett, for appellant.*

————, *for appellees.*